UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
-----------------------------------------------------------------------X
BETTY HILL, INDIVIDUALLY, AND ON BEHALF
OF ALL HEIRS-AT-LAW AND WRONGFUL
DEATH BENEFICIARIES OF HARVEY HILL,    Civil Action No.: 3:19cv127DPJ-FKB
DECEASED AND THE ESTATE OF HARVEY
HILL,

                      Plaintiffs,        **VERIFIED COMPLAINT**

    -against-                **JURY TRIAL DEMANDED**

MADISON COUNTY, SHERIFF RANDY TUCKER,
IN HIS INDIVIDUAL AND OFFICIAL CAPACITIES,
MASTER SERGEANT JAMES INGRAM, IN HIS
INDIVIDUAL AND OFFICIAL CAPACITIES, JAILER
PRISON GUARD BUFFORD, IN HIS INDIVIDUAL AND
OFFICIAL CAPACITIES, OFFICERS AND JAIL
EMPLOYEES JOHN DOES 1-10, IN THEIR INDIVIDUAL
AND OFFICIAL CAPACITIES REPRESENTING PRISON
GUARDS OF THE MADISON COUNTY DETENTION
CENTER AND/OR OTHER EMPLOYEES, INCLUDING
SUPERVISORY OFFICIALS WHOSE IDENTITIES ARE
CURRENTLY UNKNOWN,

                      **Defendants.**
-----------------------------------------------------------------------X



      COME NOW, Plaintiffs Betty Hill, Individually and On Behalf of All Heirs-At-Law and Wrongful Death Beneficiaries of Harvey Hill, Deceased and The Estate of Harvey Hill, by counsel, and file this their *Complaint* against Madison County, Sheriff Randy Tucker, in his individual and official capacities, Master Sergeant James Ingram, in his individual and official capacities, Jailer Prison Guard Bufford, in his individual and official capacities and Jail employees "John Does" 1-10 in their individual and official capacities, to recover actual and punitive damages (against the individually named Defendants) for the Defendants' intentional violation of the decedent's Fourth (4th), Fifth (5th) Eighth (8th) and Fourteenth (14th) Amendment rights to be free from excessive force, cruel and unusual punishment, made actionable pursuant

to 42 U.S.C. §1983, Monell violations, attorney's fees pursuant to 42 U.S.C. §1988, and also the common law right to be free from county law enforcement evincing reckless disregard for the decedent made actionable pursuant to the Mississippi Tort Claims Act ("MTCA"), and Mississippi common law and would show unto the Honorable Court the following, to wit:

## PARTIES

1. Plaintiff Betty Hill is an adult resident citizen of Holmes County, residing at 152 Ammons Circle, West, MS 39192. She brings suit on behalf of Harvey Hill, deceased for the intentional/negligent actions that caused his death.

2. Defendant Madison County ("Madison Co.") is a governmental entity that may be served with process upon Ronny Lott, Chancery Clerk, located at 146 W Center Street, Canton, MS 39046. As part of its function, Madison County operates Madison County Detention Center and Madison County Sheriff's Department. In this capacity, its employees who were involved in the incident at issue are named in the Complaint.

3. Defendant Sheriff Randy Tucker ("Sheriff Tucker") is an adult resident citizen of Madison County, employed by Madison County, and he may be served with process at his place of employment, Madison County Sheriff's Department, located at 2935 Highway 51, Canton, MS 39046.

4. Master Sergeant James Ingram ("Master Sgt. Ingram") is an adult resident citizen of Madison County, employed by Madison County and he may be served with process at his place of employment, 2935 Highway 51, Canton, MS 39046.

5. Jailer Prison Guard Bufford (first name presently unknown) is an adult resident citizen of Madison County, employed by Madison County and he may be served with process at

his place of employment, Madison County Sheriff's Department, located at 2935 Highway 51, Canton, MS 39046.

6. Defendant Jail Employees John Does 1-10 ("Does") are adult resident citizens of Madison County, employed by Madison County, and they may be served with process at their place of employment, Madison County Sheriff's Department, located at 2935 Highway 51, Canton, MS 39046.

## JURISDICTION and VENUE

7. This action is being brought pursuant to 28 U.S.C. §1331, 28 U.S.C. §1343 (1-4), and 2202 as this case involves a Federal Question based on Decedent's protected rights under the U.S. Constitution particularly the 4th, 5th, 8th and 14th Amendments and 42 U.S.C. §1983, §1988 and Monell. Plaintiff further invokes the supplemental jurisdiction of this Court to adjudicate State law claims pursuant to 28 U.S.C. §1367. These pendent state law claims include, without limitation, Title 11, Chapter 46, known as the Mississippi Tort Claims Act and the Mississippi Wrongful Death Act, §11-7-13 of the Mississippi Code of 1972, as amended, common law claims of negligence and intentional torts.

8. Venue is proper in the Southern District of Mississippi, pursuant to 28 U.S.C. §1391 since the actions complained of giving rise to this claim occurred in this judicial district. The matter in controversy exclusive of interests and costs exceeds $100,000.00 (One Hundred Thousand Dollars).

## STATEMENTS

9. Decedent Harvey Hill was arrested for trespassing on May 6, 2018. Later that day, prison guards of the Madison County Detention Center essentially administered the death penalty to Mr. Hill using excessive force, handcuffs, and pepper spray. Master Sergeant James

Ingram, Jailer Bufford and other "John Doe" prison guards brutally beat, tortured and bound Mr. Hill, then left him to die. During the course of this unconstitutional assault, not one single jail guard or official attempted to stop the attack, intercede to prevent further abuse or offered medical assistance to Mr. Hill after he was obviously seriously injured or dead. This unconscionable conduct violated both Federal and State Law. Justice for these acts is sought by this lawsuit.

## FACTS

10. The actions involved in this case are the result of the practices, policies and/or customs of Defendant Madison County's Detention Center employees including the Sheriff, Jailers, other supervisory officials, and/or other employees in the operation of the jail.

11. This is a claim for Federal law violations, State law negligence, intentional torts and wrongful death filed by Plaintiffs. These violations caused pain and suffering and ultimately the death of Harvey Hill on May 6, 2018. Mr. Hill was only thirty-six (36) years old when he died.

12. Decedent was not made safe by employees of Madison County Detention Center while in their custody. Rather, Defendants Sheriff Tucker, Staff Sergeant Ingram, Jailer Bufford and "John Does" Jail employees of Madison County Detention Center breached their duty to monitor, care for, and provide necessary medical attention to Harvey Hill, Deceased. By doing so, Defendants were deliberately indifferent to Harvey Hill's constitutional rights, physical welfare and ultimately his life.

13. Specifically, after being arrested on the charge of trespassing, on or about May 6, 2018, Mr. Hill was placed into the custody of the Madison County Detention Center.

14. During mealtime later that day, an altercation occurred between inmates at the detention center.

15. Defendant Bufford attempted to stop the altercation and in the process assaulted Harvey Hill.

16. Defendant Bufford believed that Mr. Hill did not show him proper deference and/or respect.

17. As a result, under long-standing custom, practice and/or unwritten policy of Madison County and Defendant Tucker, Harvey Hill was subjected to excessive force, due process violations, and/or cruel and unusual punishment meant to teach him and other inmates at the Detention Center that the Jailers were in charge.

18. After the altercation, Harvey Hill was first brought back to his cell. Shortly after, a group of Jailers, led by Defendant Staff Sergeant James Ingram, Defendant Bufford and Defendant "John Does" pulled Mr. Hill from his cell.

19. Mr. Hill was then bound by handcuffs.

20. Mr. Hill was then brutally beaten by Defendants Ingram, Bufford and "John Does."

21. Mr. Hill was also pepper sprayed by these Defendants as well.

22. Mr. Hill was then thrown back into his cell after suffering this brutal torture.

23. No jail official, guard, employee or other County officer attempted to stop the beating, handcuffing or pepper spraying of Mr. Hill or offer medical assistance following the beating despite knowing about the horrible, obvious and life threatening injuries he received.

24. Mr. Hill was found the next morning dead from the injuries inflicted upon him.

25. Upon the discovery of Mr. Hill by Jailers, he was transported to the Merit Health Central Hospital in Jackson, Mississippi where he was officially pronounced dead.

26. At all relevant times, Defendants were on duty at the sheriff's department.

27. At all relevant times, Defendant Sheriff Tucker was the commanding officer throughout the entire incident and responsible for the actions and/or omissions of the aforementioned detention center officers/jailers. He was also responsible for insuring that Mr. Hill was kept safe. Sheriff Tucker failed to keep Harvey Hill safe from harm caused by the acts of those under his command.

28. The resulting injuries and wrongful death sustained by Decedent Hill were caused solely by the Defendants, in violation of Decedent Hill's Civil and Constitutional rights, Mississippi State law and without any cause, provocation, or negligence on the part of Decedent Hill contributing thereto.

### FIRST CAUSE OF ACTION
(Excessive Force, Violation of Due Process and Cruel and Unusual Punishment under 42 U.S.C. §1983)

29. Plaintiffs hereby repeat and reallege each and every allegation in paragraphs 1 through 28, inclusive, as if fully set forth herein.

30. Defendants Ingram, Bufford and "John Does" that entered Mr. Hill's cell violated his due process rights, used excessive physical force, and/or exerted cruel and unusual punishment in taking Mr. Hill out of his cell, handcuffing him, beating him and pepper spraying him once he was handcuffed and defenseless. These acts were unconstitutional in violation of Mr. Hill's 4th, 5th, 8th and 14th Amendment Rights. Mr. Hill was in a pre-trial status as a prisoner and this treatment was a violation of his due process rights to be free from cruel and unusual punishment and excessive force.

31. As a result, Mr. Hill suffered serious injuries, pain and suffering, fear of impending death, loss of enjoyment of life and ultimately a wrongful death.

## SECOND CAUSE OF ACTION
### (Monell under 42 U.S.C. §1983)

32. Plaintiffs hereby repeat and reallege each and every allegation in paragraphs 1 through 31, inclusive, as if fully set forth herein.

33. At all relevant times, Defendant Madison County and Defendant Tucker maintained a custom, practice and/or policy of beating, pepper spraying and using excessive force against prisoners who in the opinion of Detention Center employees exhibited signs of disrespect, recalcitrance or other types of resistance. Instead of simply punishing this type of behavior with non-physical, non-forceful disciplinary measures, Madison County jailers routinely used excessive force, barbaric measures and cruel and unusual punishment against prisoners similar to Harvey Hill.

34. This policy, custom and/or practice is deliberately indifferent to the constitutional rights of individuals like Plaintiffs' Decedent herein and allowed for the individually-named Defendants to deprive the Decedent of his rights under both Federal and State law.

35. As a result of the foregoing, the Decedent was needlessly injured and killed.

36. Upon information and belief, the individually-named Madison County Detention Center personnel including Ingram, Bufford and "John Does 1-10" that beat, peppered sprayed and left Mr. Hill to die without giving him medical care were improperly trained, supervised and retained in violation of the standards set out by the Monell doctrine. Furthermore, these individually-named Defendants responsible for Mr. Hill's injuries had prior histories of using excessive force and were known threats to members of the public and therefore improperly retained.

37. As a result of the Defendants' deliberate indifference to its training, supervisory and retention of the Defendant jailers, officers, sergeants and Detention Center personnel, the Decedent was caused to suffer grave injuries that led to his death, without fault or contribution by the Decedent.

### THIRD CAUSE OF ACTION
### (Negligent Training, Supervision and Retention as to Defendants Madison County and Tucker)

38. Plaintiffs hereby repeat and reallege each and every allegation in paragraphs 1 through 37, inclusive, as if fully set forth herein.

39. At all relevant times, Defendant Madison County and Defendant Tucker had a duty to screen applicants for hire to its Detention Center, retention to its Detention Center or to discharge from its employ those employees who were not fit, suitable, properly trained and instructed, that constituted a potential menace, hazard, or danger to the public, those with vicious propensities and those with emotional, physical, psychological, racist, biased and/or physiological traits or characteristics unsuitable, unstable, or contraindicated for such employment.

40. At all relevant times, it was the duty of Defendant Madison County and Defendant Tucker to sufficiently hire, train and retain personnel within the Detention Center and at the supervisory, and lower ranked levels so as to sufficiently discipline, supervise, and put into effect appropriate rules applicable to the duties, behavior and activities of their servants, agents, prison guards, jail/detention center employees and/or personnel.

41. Upon information and belief, the individually-named Madison County Detention Center personnel including Ingram, Bufford and "John Does 1-10" that beat, peppered sprayed and left Mr. Hill to die without giving him medical care were improperly trained, supervised and

retained by Defendants Madison County and Tucker. Furthermore, these individually-named Defendants responsible for Mr. Hill's injuries had prior histories of using excessive force and were known threats to members of the public and therefore improperly retained.

42. As a result of the Defendants' negligence in its training, supervisory and retention of the Defendant jailers, officers, sergeants and Detention Center personnel, the Decedent was caused to suffer grave injuries that led to his death, without fault or contribution by the Decedent.

## FOURTH CAUSE OF ACTION
### (Supervisory Liability under 42 U.S.C. §1983)

43. Plaintiffs hereby repeat and reallege each and every allegation in paragraphs 1 through 42, inclusive, as if fully set forth herein.

44. Upon information and belief, among the individually-named Defendants were supervisors, like Defendant Sheriff Tucker, Defendant Master Sergeant Ingram and "John Does 1-10" who were assigned to supervise and control the actions of the named Madison County Detention Center Jailers.

45. These Defendants violated their supervisory duties by failing to monitor, care for those in their custody like the Decedent, participating in and/or ordering the vicious attack on Mr. Hill, the pepper spraying and failure to provide medical care thereafter, without justification. And once ordered, they failed to limit the attack, thereby making the use of force excessive and the punishment cruel and unusual.

## FIFTH CAUSE OF ACTION
### (Failure to Intervene under 42 U.S.C. §1983)

46. Plaintiffs hereby repeat and reallege each and every allegation in paragraphs 1 through 45, inclusive, as if fully set forth herein.

47. Each of the individually-named Defendants had a duty to intervene when they saw illegal conduct taking place in connection with the handcuffing, dragging, excessive beating, excessive pepper spraying and failure to obtain medical care for Mr. Hill.

48. In particular, once Mr. Hill was handcuffed, and then struck by multiple officers including Sergeant Ingram, pepper sprayed and then seriously injured, the Defendants' failure to stop the attack and provide medical care violated the individually-named Defendants' duty to intervene and put a stop to the unconstitutional acts taking place.

49. The failure of these Defendants to do so contravened Mr. Hill's constitutional rights and violated 42 U.S.C. §1983. As a result, Mr. Hill suffered serious physical injuries, including loss of enjoyment of life and a wrongful death.

## SIXTH CAUSE OF ACTION
(Negligence of Defendants Ingram, Bufford, John Does 1-10)

50. Plaintiffs hereby repeat and reallege each and every allegation in paragraphs 1 through 49, inclusive, as if fully set forth herein.

51. Defendants Ingram, Bufford and John Does 1-10 negligently failed to provide for the safety, security and protection of the Decedent by failing to comply with the County Detention Centers' own rules of conduct as it related to use of force, pepper spray deployment, the monitoring of prisoners and getting medical assistance for prisoners in need. Madison County had implemented a set of guidelines regarding use of force that prohibited the assault and battery of handcuffed, defenseless prisoners. Moreover, the implemented policies prohibited the use of pepper spray against handcuffed and restrained prisoners. The policies also required Detention Center guards to monitor prisoners and obtain medical care to those prisoners who were in obvious need of such care. The named Defendants' failure to do so was in violation of these policies and constituted negligence including the negligent infliction of emotional distress.

52. As a result of the foregoing, Decedent sustained serious physical injuries that resulted in significant injuries including his death.

## SEVENTH CAUSE OF ACTION
### (Wrongful Death under Mississippi State Law)

53. Plaintiffs hereby repeat and reallege each and every allegation in paragraphs 1 through 52, inclusive, as if fully set forth herein.

54. The Defendants' wrongful acts of attacking, handcuffing, battering, pepper spraying and preventing the Decedent from seeking immediate medical attention, and the failure to properly treat the Decedent after being beaten, injured, pepper sprayed and traumatized, caused the wrongful death of Mr. Hill.

55. As a result of the foregoing, the Defendants are liable for the injuries, pecuniary losses, loss of enjoyment of life, conscious pain and suffering, companionship, loss of love, loss of society and any and all other losses suffered by Mr. Hill including his wrongful death. Those pecuniary losses include without limitation financial support of his family, funeral expenses and any other pre-death costs associated with in incarceration.

## EIGHTH CAUSE OF ACTION
### (Intentional Torts under Mississippi State Law – Assault and Battery)

56. Plaintiffs hereby repeat and reallege, each and every allegation in paragraphs 1 through 55, inclusive, as if fully set forth herein.

57. As a result of the individually-named Defendants' actions, including the beating and pepper spraying of the Decedent multiple times as well as forcefully entering the Decedents' jail cell without justification, the Decedent was wrongfully assaulted and battered without just or probable cause or provocation. These actions also resulted in the intentional infliction of emotional distress.

58. As a result of the foregoing, the Decedent suffered serious physical injuries, pain, loss of enjoyment of life, and ultimately death.

**WHEREFORE, THE ABOVE BEING CONSIDERED,** the Plaintiffs respectfully pray for the judgment against all Defendants, including compensatory damages, punitive damages against the individually named Defendants, any and all damages allowed by State and Federal law including attorney's fees under 42 U.S.C. §1988, pre-judgment interest, post-judgment interest, attorney's fees, in an aggregate amount well above the jurisdictional amount needed to bring this case in this Court.

This, the 19th day of February, 2019.

**BETTY HILL, et al., Plaintiffs**

By: *Carlos E. Moore*
Carlos E. Moore, MSB# 100685
**THE COCHRAN FIRM – MS DELTA**
306 Branscome Drive
P. O. Box 1487
Grenada, MS 38902-1487
662-227-9940 – phone
662-227-9941 – fax
Email: cmoore@cochranfirm.com

OF COUNSEL:

THE COCHRAN FIRM
55 Broadway, 23rd Floor
New York, NY 10006
Derek S. Sells (8891)*

*Attorney Sells will be seeking admission to this Court promptly.