UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

------------------------------------------------------------------------X

BETTY HILL, INDIVIDUALLY, AND ON BEHALF
OF ALL HEIRS-AT-LAW AND WRONGFUL
DEATH BENEFICAIRIES OF HARVEY HILL,         Civil Action No.: 3:19cv127DPJ-FKB
DECEASED AND THE ESTATE OF HARVEY
HILL,

                                     Plaintiffs,

        -against-                                       JURY TRIAL DEMANDED

MADISON COUNTY, SHERIFF RANDY TUCKER,
IN HIS INDIVIDUAL AND OFFICIAL CAPACITIES,
MASTER SERGANT JAMES INGRAM, IN HIS
INDIVIDUAL AND OFFICIAL CAPACITIES, JAILER
PRISON GUARD JAMES BUFFORD, OFFICER
GABRIELLE GORE, IN HER INDIVIDUAL AND OFFICIAL
CAPACITIES, OFFICER MARQUETTE WILLIAMS,
IN HER INDIVIDUAL AND OFFICIAL CAPACITIES
AND OFFICER TERRENCE EVANS IN HIS INDIVIDUAL
AND OFFICIAL CAPACITIES, QUALITY CORRECTIONAL
HEALTH CARE, DR. JOHNNY BATES, IN HIS
INDIVIDUAL AND OFFICIAL CAPACITIES, ALISE WHITE,
LPN, IN HER INDIVIDUAL AND OFFICIAL CAPACITIES,
CORETTA CARTER-STRONG, RN, IN HER INDIVIDUAL
AND OFFICIAL CAPACITIES, OFFICERS AND JAIL
EMPLOYEES JOHN DOES 1-10, IN THEIR INDIVIDUAL
AND OFFICIAL CAPACITIES REPRESENTING PRISON
CENTER AND/OR OTHER EMPLOYEES, INCLUDING
SUPERVISORY OFFICIALS WHOSE IDENTITIES ARE
CURRENTLY UNKNOWN,

                                     Defendants.

------------------------------------------------------------------------X

**SECOND AMENDED VERIFIED COMPLAINT**
(Jury Trial Demanded)

      COME NOW, Plaintiffs Betty Hill, Individually and On Behalf of All Heirs-At-Law and

Wrongful Death Beneficiaries of Harvey Hill, Deceased and The Estate of Harvey Hill, by

counsel, and file this their *Complaint* against Madison County, Sheriff Randy Tucker, in his

individual and official capacities, Master Sergeant James Ingram, in his individual and official capacities, Jailer Prison Guard James Bufford, in his individual and official capacities, Officer Gabrielle Gore, in her individual and official capacities, Officer Marquette Williams, in her individual and official capacities and Officer Terrence Evans in his individual and official capacities, Quality Correctional Health Care, Dr. Johnny Bates, in his individual and official capacities, Nurse Alise White, LPN in her individual and official capacities, Coretta Carter-Strong, RN, in her individual and official capacities, and Jail employees "John Does" 1-10 in their individual and official capacities, to recover actual and punitive damages (against the individually named Defendants) for the Defendants' intentional violation of the decedent's Fourth (4th), Fifth (5th) Eighth (8th) and Fourteenth (14th) Amendment rights to be free from excessive force, cruel and unusual punishment, made actionable pursuant to 42 U.S.C. §983, Monell violations, attorney's fees pursuant to 42 U.S.C. §1988, and also the common law right to be free from county law enforcement evincing reckless disregard for the decedent made actionable pursuant to the Mississippi Tort Claims Act ("MTCA"), and Mississippi common law and would show unto the Honorable Court the following, to wit:

## PARTIES

1. Plaintiff Betty Hill is an adult resident citizen of Holmes County, residing at 152 Ammons Circle, West, MS 39192. She brings suit on behalf of Harvey Hill, deceased for the intentional/negligent actions that caused his death.

2. Defendant Madison County ("Madison Co.") is a governmental entity that may be served with process upon Randy Lott, Chancery Clerk, located at 146 W Center Street, Canton, MS 39046. As part of its function, Madison County operates Madison County

Detention Center and Madison County Sheriff's Department. In this capacity, its employees who were involved in the incident at issue are named in the Complaint.

3. Defendant Sheriff Randy Tucker ("Sheriff Tucker") is an adult resident citizen of Madison County, employed by Madison County, and he may be served with process at his place of employment, Madison County Sheriff's Department, located at 2935 Highway 51, Canton, MS 39046.

4. Master Sergeant James Ingram ("Master Sgt. Ingram") is an adult resident citizen of Madison County, employed by Madison County and he may be served with process at his place of employment, 2935 Highway 51, Canton, MS 39046.

5. Jailer Prison Guard James Bufford ("Jailer Bufford") is an adult resident citizen of Madison County, employed by Madison County and he may be served with process at his place of employment, Madison County Sheriff's Department, located at 2935 Highway 51, Canton, MS 39046.

6. Officer Gabrielle Gore, is an adult resident citizen of Madison County, employed by Madison County and she may be served with process at her place of employment, 2935 Highway 51, Canton, MS 39046.

7. Officer Marquette Williams, is an adult resident citizen of Madison County, employed by Madison County and she may be served with process at her place of employment, 2935 Highway 51, Canton, MS 39046.

8. Officer Terrence Evans, is an adult resident citizen of Madison County, employed by Madison County and he may be served with process at his place of employment, 2935 Highway 51, Canton, MS 39046.

9. Quality Correctional Health Care ("QCHC") is a foreign corporation qualified to do business in the State of Mississippi, and can be served with process upon its registered agent, Incorp Services, Inc., at 302 Enterprise Drive, Suite A, Oxford, MS 38655.

10. Dr. Johnny Bates ("Dr. Bates") is an adult resident citizen of the State of Alabama, doing business in the State of Mississippi, as President for Quality Correctional Health Care. He may be served with process at his place of employment, located at 589 Northpark Drive, Suite A, Ridgeland, MS 39157 or 200 Narrows Parkway, Suite A, Birmingham, AL 35242.

11. Alise White, LPN ("Nurse White") is an adult resident citizen of the State of Mississippi, employed with Quality Correctional Health Care and she may be served with process at her place of employment, Quality Correctional Health Care, located at 589 Northpark Drive, Suite A, Ridgeland, MS 39157 or 2935 Highway 51, Canton, MS 39046.

12. Coretta Carter-Strong, RN ("Nurse Strong, RN") is an adult resident citizen of the State of Mississippi, employed with Quality Correctional Health Care, and she may be served with process at her place of employment, Quality Correctional Health Care, located at 327 Lamar Avenue, Yazoo City, MS 39194.

13. Defendant Jail Employees John Does 1-10 ("Does") are adult resident citizens of Madison County, employed by Madison County, and they may be served with process at their place of employment, Madison County Sheriff's Department, located at 2935 Highway 51, Canton, MS 39046.

**JURISDICTION and VENUE**

14. This action is being brought pursuant to 28 U.S.C. §1331, 28 U.S.C. §1343 (1-4), and 2202 as this case involves a Federal Question based on Decedent's protected rights under

the U.S. Constitution particularly the 4th, 5th, 8th and 14th Amendments and 42 U.S.C. §1983, §1988 and Monell. Plaintiff further invokes the supplemental jurisdiction of this Court to adjudicate State law claims pursuant to 28 U.S.C. §1367. These pendent state law claims include, without limitation, Title 11, Chapter 46, known as the Mississippi Tort Claims Act and the Mississippi Wrongful Death Act, §11-7-13 of the Mississippi Code of 1972, as amended, common law claims of negligence and intentional torts.

15. Venue is proper in the Southern District of Mississippi, pursuant to 28 U.S.C. §1391 since the actions complained of giving rise to this claim occurred in this judicial district. The matter in controversy exclusive of interests and costs exceeds $100,000.00 (One Hundred Thousand Dollars).

**STATEMENTS**

16. Decedent Harvey Hill was arrested for trespassing on May 5, 2018. Later the next day, May 6, 2018, prison guards of the Madison County Detention Center essentially administered the death penalty to Mr. Hill using excessive force, handcuffs, and pepper spray. Master Sergeant James Ingram, Officer James Bufford, and Officer Terrence Evans brutally beat, tortured and bound Mr. Hill, then placed him in an observation cell and left him to die. During the course of this unconstitutional assault, not one single jail guard, official, or medical personnel attempted to stop the attack, intercede to prevent further abuse or offered proper medical assistance to Mr. Hill after he was obviously suffering physical and/or mental illness, injury, and a medical emergency. In fact, he was not taken to see a doctor until after he was pulseless and near death. This unconscionable conduct violated both Federal and State Law. Justice for these acts is sought by this lawsuit.

**FACTS**

17. The actions involved in this case are the result of the practices, policies and/or customs of Defendant Madison County's Detention Center employees including the Sheriff, Jailers, other supervisory officials, and/or other employees in the operation of the jail and Quality Correctional Healthcare.

18. This is a claim for Federal law violations, State law negligence, intentional torts and wrongful death filed by Plaintiffs. These violations caused pain and suffering and ultimately the death of Harvey Hill on May 6, 2018. Mr. Hill was only thirty-six (36) years old when he died.

19. Decedent was not made safe by employees of Madison County Detention Center or Quality Correctional Health Care while in their custody. Rather, Defendants Sheriff Tucker, Staff Sergeant Ingram, Jailer Bufford, Officer Gore, Officer Williams, Officer Evans, Nurse White, Nurse Strong, RN and "John Does" Jail employees of Madison County Detention Center breached their duty to monitor, care for, and provide necessary medical attention to Harvey Hill, Deceased. By doing so, Defendants were deliberately indifferent to Harvey Hill's constitutional rights, physical welfare and ultimately his life.

20. Specifically, after being arrested on the charge of trespassing, on or about May 5, 2018, Mr. Hill was assessed and placed into the custody of the Madison County Detention Center.

21. During a mealtime at around noon the next day (May 6, 2018), an altercation occurred involving Mr. Hill who was assaulted by prison guards.

22. Defendant Bufford assaulted Mr. Hill during the altercation and so did Defendants Ingram and Evans. They also peppered sprayed Mr. Hill. Specifically, while on the ground,

Defendant Ingram and Evans held Mr. Hill down while Officer Bufford kicked him in the head six or more times.

23. Defendant Bufford and Ingram believed that Mr. Hill did not show them proper deference and/or respect. This belief stemmed from Mr. Hill's actions towards them and other Jailers where Mr. Hill refused their verbal commands and acted in an emotionally excited state.

24. As a result, under the long-standing custom, practice and/or unwritten policy of Madison County and Defendant Tucker, instead of treating Mr. Hill as someone in need of emergency medical assistance, since Mr. Hill was exhibiting signs of excited delirium syndrome, Harvey Hill was subjected to excessive force, due process violations, and/or cruel and unusual punishment meant to teach him and other inmates at the Detention Center that the Jailers were in charge.

25. After the altercation, Harvey Hill, who was in handcuffs, was first brought to the processing bathroom. Shortly after, a group of Jailers, led by Defendant Staff Sergeant James Ingram and Defendant Bufford assaulted Mr. Hill in the bathroom after he was in handcuffs and restrained. During the assault in the bathroom, Defendant Ingram told Mr. Hill multiple times, "MOTHER FUCKER, DON'T YOU EVER PUT YOUR FUCKING HANDS ON ONE OF MY OFFICERS AGAIN."

26. Defendant Gore, who was right outside the bathroom and who overheard the assault and statements made by Defendant Ingram did not intercede or do anything to stop the illegal assault against Mr. Hill. In fact, no jail official, guard, employee or other County officer attempted to stop the beating, handcuffing or pepper spraying of Mr. Hill or offer medical assistance immediately following the initial conflict in the dining area despite the

fact that Mr. Hill was exhibiting signs and symptoms of an excited delirium syndrome which requires emergency medical intervention.

27. Finally, well after the initial assault against Mr. Hill, and the beating he was administered in the Processing bathroom, he was transported to the medical unit where he was evaluated by Defendant Nurse White. Nurse White negligently failed to assess and diagnose Mr. Hill's medical condition. During her evaluation, she noted that Mr. Hill was agitated and combative. Further, Nurse White was made aware that Mr. Hill was in an excited state for an extended period leading up to the visit, that he was alleged to have been combative, was yelling incoherently, he had been assaulted, pepper sprayed and that he had struggled against his restraints. These are classic symptoms of excited delirium syndrome. Instead of giving Mr. Hill a sedative to calm him and reduce his heart rate so that she could obtain his vital signs and protect against a fatal arrhythmia or heart attack, Nurse White simply ordered that Mr. Hill be returned to his cell.

28. Moreover, instead of requesting a physician, consult or asking that Mr. Hill be hospitalized, Nurse White ordered that Mr. Hill be placed in a holding cell.

29. Mr. Hill was taken to the FRC and left in a cell. Defendant Ingram sat on Mr. Hill's back while Mr. Hill laid face down on the prison cell floor.

30. Despite the fact that Mr. Hill was supposed to be closely watched, Defendants Evans, Gore and Williams failed to properly do so. Thus, Mr. Hill who was in desperate need of medical care, was left for 46 minutes to roll around the floor of his cell without assistance.

31. Defendant Nurse Strong was summoned to Mr. Hill's cell location after Mr. Hill was found unresponsive and she negligently failed to properly administer CPR and/or any

other measure to revive Mr. Hill prior to the paramedics' arrival. The paramedics were not called in a timely fashion and did not arrive until almost an hour after Mr. Hill collapsed. In addition, there was no defibrillator to assist in Mr. Hill's treatment.

32. Later, Mr. Hill was taken to the Merit Health Central Hospital in Jackson, Mississippi where he was officially pronounced dead.

33. At all relevant times, the individual Defendants were working in their official capacities.

34. At all relevant times, Defendant Sheriff Tucker was the commanding officer throughout the entire incident and responsible for the actions and/or omissions of the aforementioned detention center officers/jailers. He was also responsible for insuring that Mr. Hill was kept safe. Sheriff Tucker failed to keep Harvey Hill safe from harm caused by the acts of those under his command.

35. The resulting injuries and wrongful death sustained by Decedent Hill were caused solely by the Defendants, in violation of Decedent Hill's Civil and Constitutional rights, Mississippi State law and without any cause, provocation, or negligence on the part of Decedent Hill contributing thereto. A Notice of Claim was timely filed with Defendants QCHC, White, Strong and Bates.

**FIRST CAUSE OF ACTION**
**(Excessive Force, Violation of Due Process and Cruel and Unusual Punishment under 42 U.S.C. §1983)**

36. Plaintiffs hereby repeat and reallege each and every allegation in paragraphs 1 through 31, inclusive, as if fully set forth herein.

37. Defendants Ingram, Bufford and Evans assaulted Mr. Hill, peppered spayed him, took him to the Processing bathroom while he was in handcuffs where they beat him while

restrained, denied him access to immediate medical attention following these assaults and thereby violated Mr. Hill's due process rights, used excessive physical force, and implemented cruel and unusual punishment. Beating Mr. Hill after he had been restrained in handcuffs, assaulting him and pepper spraying while he was defenseless was not justifiable. These acts were unconstitutional in violation of Mr. Hill's 4th, 5th, 8th and 14th Amendment Rights. Mr. Hill was in a pre-trial status as a prisoner and this treatment was a violation of his due process rights to be free from cruel and unusual punishment and excessive force.

38. As a result, Mr. Hill suffered serious injuries, pain and suffering, fear of impending death, loss of enjoyment of life and ultimately a wrongful death.

## SECOND CAUSE OF ACTION
### (Monell under 42 U.S.C. §1983)

39. Plaintiffs hereby repeat and reallege each and every allegation in paragraphs 1 through 34, inclusive, as if fully set forth herein.

40. At all relevant times, Defendant Madison County and Defendant Tucker maintained a custom, practice and/or policy of beating, pepper spraying and/or using excessive force against prisoners who in the opinion of Detention Center employees exhibited signs of disrespect, recalcitrance or other types of resistance. Instead of simply punishing this type of behavior with non-physical, non-forceful disciplinary measures, or trying to diagnose whether this type of perceived behavior was the result of a psychosis such as excited delirium syndrome that requires immediate medical attention, Madison County jailers routinely used excessive force, barbaric measures and cruel and unusual punishment against prisoners similar to Harvey Hill. This policy was in full force and effect here where Defendants Ingram and Bufford beat a handcuffed Harvey Hill in the shower area following

an altercation. Defendant Ingram said to Mr. Hill repeatedly: "mother fucker, don't you ever put your fucking hands on one of my officers again."

41. This policy, custom and/or practice is deliberately indifferent to the constitutional rights of individuals like Plaintiffs' Decedent herein and allowed for the individually-named Defendants to deprive the Decedent of his rights under both Federal and State law. Specifically, Harvey Hill exhibited signs of an individual suffering from excited delirium syndrome and/or other illness that required immediate medical attention. The actions of these Defendants exacerbated that condition and deprived Mr. Hill of the medical care he required.

42. As a result of the foregoing, the Decedent was needlessly injured and killed.

43. Upon information and belief, the individually-named Madison County Detention Center personnel including Ingram, Bufford, Evans, Gore and Williams, and "John Does 1-10" that beat, peppered sprayed and left Mr. Hill to die without giving him medical care, proper supervision and who failed to intervene, were improperly trained, supervised and retained in violation of the standards set out by the Monell doctrine. Furthermore, these individually-named Defendants responsible for Mr. Hill's injuries had prior histories of using excessive force and were known threats to members of the public and therefore improperly retained. More specifically, these officers were not trained properly with regard to the symptoms of excited delirium and did not treat Mr. Hill as someone suffering from that condition.

44. As a result of the Defendants' deliberate indifference to its training of, supervisory responsibility over and retention of the Defendant jailers, officers, sergeants and

Detention Center personnel, the Decedent was caused to suffer grave injuries that led to his death, without fault or contribution by the Decedent.

## THIRD CAUSE OF ACTION
### (Negligent Training, Supervision and Retention as to Defendants Madison County and Tucker)

45. Plaintiffs hereby repeat and reallege each and every allegation in paragraphs 1 through 40, inclusive, as if fully set forth herein.

46. At all relevant times, Defendant Madison County and Defendant Tucker had a duty to screen applicants for hire to its Detention Center, retention to its Detention Center or to discharge from its employ those employees who were not fit, suitable, properly trained and instructed, that constituted a potential menace, hazard, or danger to the public, those with vicious propensities and those with emotional, physical, psychological racists, biased and/or physiological traits or characteristics unsuitable, unstable, or contradicted for such employment.

47. At all relevant times, it was the duty of Defendant Madison County and Defendant Tucker to sufficiently hire, train and retain personnel within the Detention Center and at the supervisory, and lower ranked levels so as to sufficiently discipline, supervise, and put into effect appropriate rules applicable to the duties, behavior and activities of their servants, agents, prison guards, jail/detention center employees and/or personnel.

48. Upon information and belief, the individually-named Madison County Detention Center personnel including Ingram, Bufford, Evans, Williams and Gore, and "John Does 1-10" that beat, peppered sprayed and left Mr. Hill to die without giving him medical care, failed to properly supervise him, and failed to intercede and stop the illegal acts being taken against him, were improperly trained, supervised and retained by Defendants Madison

County and Tucker. Furthermore, these individually-named Defendants responsible for Mr. Hill's injuries had prior histories of using excessive force and were known threats to members of the public and therefore improperly retained.

49. As a result of the Defendants' negligence in its training, supervisory and retention of the Defendant jailers, officers, sergeants and Detention Center personnel, the Decedent was caused to suffer grave injuries that led to his death, without fault or contribution by the Decedent.

## FOURTH CAUSE OF ACTION
**(Supervisory Liability under 42 U.S.C. §1983)**

50. Plaintiff hereby repeat and reallege each and every allegation in paragraphs 1 through 45, inclusive, as if fully set forth herein.

51. Upon information and belief, among the individually-named Defendants were supervisors, like Defendant Sheriff Tucker, Defendant Master Sergeant Ingram, and "John Does 1-10" who were assigned to supervise and control the actions of the named Madison County Detention Center employees including Jailer Bufford.

52. These Defendants violated their supervisory duties by failing to ensure that Jail Guards under their supervision properly monitored, cared for and protected from harm, those in their custody like the Decedent. By participating in and/or ordering the vicious attack on Mr. Hill, the pepper spraying and failure to provide medical care thereafter, without justification, these supervisory officials violated §1983's requirements. And once ordered, they failed to limit the attack, thereby making the use of force excessive and the punishment cruel and unusual. These supervisory officials also did not ensure that Mr. Hill receive immediate medical care and caused him to be beaten after he was handcuffed and restrained.

## FIFTH CAUSE OF ACTION
### (Failure to Intervene under 42 U.S.C. §1983)

53. Plaintiffs hereby repeat and reallege each and every allegation in paragraphs 1 through 48, inclusive, as if fully set forth herein.

54. Each of the individually-named Defendants had a duty to intervene when they saw illegal conduct taking place in connection with the beating after Mr. Hill was handcuffed. Also, they failed to intercede when Mr. Hill was forcibly dragged, exposed to excessive force, excessive pepper spraying and when he was not provided immediate medical care.

55. In particular, once Mr. Hill was handcuffed, no defendant stopped the vicious attack upon Mr. Hill where he was assaulted by multiple officers including Sergeant Ingram in the Processing bathroom. Moreover, no defendants interceded when Jailer Bufford excessively pepper sprayed and then seriously injured Mr. Hill by assaulting him. The Defendants failure to stop these attacks and provide medical care violated the individually-named Defendants' duty to intervene and put a stop to the unconstitutional acts taking place.

56. The failure of these Defendants to do so contravened Mr. Hill's constitutional rights and violated 42 U.S.C. §1983. As a result, Mr. Hill suffered serious physical injuries, including loss of enjoyment of life and wrongful death.

## SIXTH CAUSE OF ACTION
### (Negligence of Defendants Ingram, Bufford, Williams, Evans, Gore, John Does 1-10)

57. Plaintiffs hereby repeat and reallege each and every allegation in paragraphs 1 through 52, inclusive, as if fully set forth herein.

58. Defendants Ingram, Bufford, Williams, Evans, Gore and John Does 1-10 negligently failed to provide for the safety, security and protection of the Decedent by failing

to comply with the County Detention Centers' own rules of conduct as it related to use of force, pepper spray deployment, the monitoring of prisoners and getting medical assistance for prisoners in need. Madison County had implemented a set of guidelines regarding use of force that prohibited the assault and battery of handcuffed, defenseless prisoners. Moreover, the implemented policies prohibited the use of pepper spray against handcuffed and restrained prisoners. The policies also required Detention Center guards to monitor prisoners and obtain medical care to those prisoners who were in obvious need of such care. The named Defendants' failure to recognize that Mr. Hill was in immediate need of medical care was in violation of these policies and constituted negligence including the negligent infliction of emotional distress that exacerbated his condition.

59. According to records created by the defendants, Mr. Hill had been exhibiting signs of a well know condition known as excited delirium syndrome. This syndrome has its symptoms psychomotor agitation, anxiety, hallucinations, speech disturbances, disorientation, violent and bizarre behavior, insensitivity to pain and increased levels of strength.

60. Since at least 2009, it was widely known throughout the U.S. that in response to numerous cases of in-custody deaths following restraint of prisoners like Mr. Hill, studies showed that more than 95 percent of all published fatal cases are males with a mean age of 36 (Mr. Hill's age) who showed hyper aggressive and bizarre behavior and were combative. There is typically a struggle with law enforcement involving physical force and the use of noxious chemicals such as pepper spray that immediately preceded the death. Thus it was foreseeable that the treatment afforded to Mr. Hill would result in his demise.

61. As a result of the foregoing negligent acts, Decedent sustained serious physical injuries that resulted in significant injuries including his death.

## SEVENTH CAUSE OF ACTION
**(Negligence of Defendants QCHC, Dr. Johnny Bates, Alise White, LPN and Coretta Carter-Strong, RN)**

62. Plaintiffs hereby repeat and reallege each and every allegation in paragraphs 1 through 57, inclusive, as if fully set forth herein.

63. At all times relevant herein, Defendants QCHC, Dr. Johnny Bates, Alise White, LPN, Coretta Carter-Strong, RN, its agents, servants, or employees, were under a duty to:

   a. Attend to Harvey Hill and render and/or assure that he was rendered timely and appropriate care;

   b. Render professional health care services consistent with the nationally-recognized minimal acceptable standards of competency;

   c. Render professional health care services to Harvey Hill consistent with the nationally-recognized minimal acceptable standards of care and competency;

   d. Exercise the degree of skill and care ordinarily exercised by healthcare facilities within the State of Mississippi;

   e. To provide proper training to the Defendants; and

   f. Properly train and supervise all individuals who are employed by them.

64. As a result of the foregoing, Decedent sustained serious physical injuries that resulted in significant injuries including his death.

65. Specifically, Mr. Hill presented to Nurse White with classic signs of excited delirium syndrome. He was alleged to have been combative, in an agitated state, speaking incoherently, alleged to have resisted attempts to subdue him, was peppered sprayed and beaten. In Nurse White's presence Mr. Hill was agitated and combative. In such circumstances, good and accepted medical care required that Mr. Hill immediately be given a

sedative so that he could calm down enough to have his vital signs taken and be given immediate medical attention by a physician. Instead, Nurse White did nothing to assist Mr. Hill. She did not give him a sedative, she did not take his vital signs and she did not get him immediate medical care. Instead, she ordered him back to his cell where he went into cardiac arrest and died.

66. Likewise, once notified that Mr. Hill was unresponsive, Defendant Nurse Strong failed to arrive timely to the emergency situation and failed to properly administer CPR, use proper equipment like a defibrillator or otherwise properly resuscitate Mr. Hill.

### EIGHTH CAUSE OF ACTION
**(Wrongful Death under Mississippi State Law)**

67. Plaintiffs hereby repeat and reallege each and every allegation in paragraphs 1 through 62, inclusive, as if fully set forth herein.

68. The Defendants' wrongful acts of attacking, handcuffing, battering, pepper spraying and preventing the Decedent from seeking immediate medical attention, and the failure to properly treat the Decedent after being beaten, injured, pepper sprayed and traumatized, caused the wrongful death of Mr. Hill.

69. As a result of foregoing, Decedent sustained serious physical injuries that resulted in significant injuries including his death.

### NINTH CAUSE OF ACTION
**(Intentional Torts under Mississippi State Law – Assault and Battery)**

70. Plaintiffs hereby repeat and reallege each and every allegation in paragraphs 1 through 65, inclusive, as if fully set forth herein.

71. As a result of the individually-named Defendants' actions, including the beating and pepper spraying of the Decedent multiple times as well as forcefully entering the

Decedents' jail cell without justification, the Decedent was wrongfully assaulted and battered without just or probable cause of provocation. These actions also resulted in the intentional infliction of emotional distress.

72. As a result of the foregoing, the Decedent suffered serious physical injuries, pain, loss of enjoyment of life, and ultimately death.

**WHEREFORE, THE ABOVE BEING CONSIDERED,** the Plaintiffs respectfully pray for the judgment against all Defendants, including compensatory damages, punitive damages against the individually named Defendants, any and all damages allowed by State and Federal law including attorney's fees under 42 U.S.C. §1988, pre-judgment interest, post-judgment interest, attorney's fees, in an aggregate amount well above the jurisdictional amount needed to bring this case in this Court.

This, the 23rd day of June, 2020.

        **BETTY HILL, et al., Plaintiffs**

**By:**    */s/ Carlos E. Moore*
        **Carlos E. Moore, MSB# 100685**
        **THE COCHRAN FIRM – MS DELTA**
        306 Branscome Drive
        P. O. Box 1487
        Grenada, MS 38902-1487
        662-227-9940 – phone
        662-227-9941 – fax
        Email: cmoore@cochranfirm.com


        **DEREK S. SELLS, (8891)**
        **THE COCHRAN FIRM**
        55 Broadway, 23rd Floor
        New York, NY 10006
        212-553-9215 - phone
        212-227-8763 – fax
        Email: dsells@cochranfirm.com

CERTIFICATE OF SERVICE

I, the undersigned, do hereby certify that I have this date served via the electronic filing system and/or mailed via U.S. Mail, postage pre-paid, a true and correct copy of the above and foregoing to the following:

Rebecca B. Cowan, Esq.
bcowan@curriejohnson.com
CURRIE JOHNSON & MYERS, P.A.
1044 River Oaks Drive
P. O. Box 750
Jackson, MS 39205-0750
Tel (601) 969-1010
*Attorney for Defendants Madison Co., Sheriff Tucker, James Ingram*

Lynda C. Carter, Esq.
lcc@wisecarter.com
WISE CARTER CHILD & CARAWAY, P.A.
2510 14th Avenue, Suite 1125
Gulfport, MS 39501
Tel (228) 867-7141
Fax (228) 867-7142
*Attorneys for QCHC, Dr. Johnny Bates, Coretta Carter-Strong*

THIS, the 23rd day of June, 2020

                                          */s/ Carlos E. Moore*
                                          CARLOS E. MOORE, ESQ.