UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

BETTY HILL, INDIVIDUALLY
AND ON BEHALF OF ALL HEIRS-
AT-LAW AND WRONGFUL
DEATH BENEFICIARIES OF
HARVEY HILL, DECEASED AND                                      PLAINTIFF
THE ESTATE OF HARVEY HILL

V.                                            CIVIL ACTION NO. 3:19-CV-127-DPJ-FKB

MADISON COUNTY, ET AL.                                        DEFENDANTS

ORDER

Harvey Hill died while in custody at the Madison County Detention Center. Plaintiff Betty Hill, on Mr. Hill's behalf, filed this suit alleging that several officers and jailers inflicted the injuries that caused his death. Two of these Defendants—Master Sergeant James Ingram and Prison Guard James Bufford—have moved to dismiss the state-law claims against them. For the following reasons, Ingram's and Bufford's motions to dismiss Plaintiff's individual-capacity claims [115, 123] are both granted as to the negligence claims but are otherwise denied. Bufford's motion to dismiss Plaintiff's official-capacity claim [125] is granted.

I.      Background

According to the Second Amended Complaint (SAC), Harvey Hill was arrested for trespassing on May 5, 2018, and taken to the Madison County Detention Center. SAC [105] ¶¶ 16, 20. The following day, "an altercation occurred" between Mr. Hill and several prison guards. *Id.* ¶ 21. Mr. Hill allegedly began "yelling incoherently," became "combative," and "was in an excited state[.]" *Id.* ¶ 27. While in this "emotionally excited state," Mr. Hill "refused [the prison guards'] verbal commands[.]" *Id.* ¶ 23. "Defendant[s] Bufford and Ingram believed that Mr. Hill [was] not show[ing] them proper deference and/or respect." *Id.*

What happened next is described in more detail below, but Plaintiff alleges that Defendants Bufford and Ingram "brutally beat, tortured and bound Mr. Hill." *Id.* ¶ 16. Significantly, Plaintiff claims the beating continued after Mr. Hill was handcuffed. *Id.* ¶¶ 25, 27. And when the physical confrontation ended, Plaintiff says Defendants left Mr. Hill lying on the cell floor for 46 minutes "without assistance." *Id.* ¶ 30. He was later found unresponsive and "taken to Merit Health Central Hospital in Jackson, Mississippi where he was officially pronounced dead." *Id.* ¶¶ 31–32.

Plaintiff filed this action on behalf of Mr. Hill's estate. She alleges nine causes of action against various officers, guards, medical staff, and related entities. Relevant to the instant motions, Plaintiff brings four claims against Defendants Bufford and Ingram: violation of 42 U.S.C. § 1983, negligence, wrongful death, and assault and battery. Bufford and Ingram have moved to dismiss the individual-capacity state-law claims under Federal Rule of Civil Procedure 12(b)(6). Bufford also seeks dismissal of all federal claims asserted against him in his official capacity.

II.     Standard

To survive a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* This standard "'simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of' the necessary claims or elements." *In re S. Scrap Material Co., LLC*, 541 F.3d 584, 587 (5th Cir. 2008) (quoting *Twombly*, 550 U.S.

at 556)). When considering a Rule 12(b)(6) motion, the Court accepts all well-pleaded facts as true and views them in the light most favorable to the plaintiff. *New Orleans City v. Ambac Assur. Corp.*, 815 F.3d 196, 199 (5th Cir. 2016). In a Rule 12(b)(6) analysis, courts may rely on the complaint, its proper attachments, "'documents incorporated into the complaint by reference, and matters of which a court may take judicial notice.'" *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008) (quoting *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007)).

III.   Analysis

   A.   Individual-Capacity Claims

The Mississippi Tort Claims Act (MTCA) "provides the exclusive remedy against a governmental entity or its employees" under Mississippi law. *Covington Cty. Sch. Dist. v. Magee*, 29 So. 3d 1, 4 (Miss. 2010). Although the MTCA generally extends sovereign immunity to government employees for "wrongful or tortious act[s] or omission[s]," it provides exceptions to that immunity and exceptions to the exceptions. Miss. Code Ann. § 11-46-3.

In this case, both Bufford and Ingram say sections 11-46-7(2) and 11-46-9(1)(m) of the MTCA shield them from individual liability. Ingram Mem. [116] at 3–4; Bufford Mem. [124] at 3–4. In response, Plaintiff argues that no immunity exists under these statutes because Ingram and Bufford were not acting within the course and scope of their employment when they beat and killed Mr. Hill. Pl.'s Resps. [129, 134] at 6.

Starting with section 11-46-7(2), the statute provides the following:

> An employee may be joined in an action against a governmental entity in a representative capacity if the act or omission complained of is one for which the governmental entity may be liable, but *no employee shall be held personally liable for acts or omissions occurring within the course and scope of the employee's duties*.

3

(Emphasis added). Significant to these motions, section 11-46-7(2) defines "course and scope" as follows: "For the purposes of this chapter an employee shall not be considered as acting within the course and scope of his employment . . . if the employee's conduct constituted fraud, malice, libel, slander, defamation or any criminal offense." *Id.* So if the "conduct" fits these labels, there is no immunity from personal liability under section 11-46-7(2). *Id.*

Similarly, section 11-46-9(1)(m) also requires proof that the defendant acted within the course and scope of employment. It states:

> (1) A governmental entity and its employees *acting within the course and scope of their employment* or duties shall not be liable for any claim:
>
> . . .
>
> (m) Of any claimant who at the time the claim arises is an inmate of any detention center, jail, workhouse, penal farm, penitentiary or other such institution[.]

(Emphasis added). The term "inmate" is interpreted "broadly, to include pretrial detainees" like Mr. Hill. *Hinds Cty. v. Burton*, 187 So. 3d 1016, 1024 (Miss. 2016).

In sum, the disputed immunity statutes apply only when government employees act "within the course and scope of their employment." Miss. Code Ann. §§ 11-46-7-(2), 11-46-9(1). And both apply the same definition of that term. *See id.* § 11-46-7(2) (defining "course and scope of employment" "[f]or the purposes of this chapter"). So, the central question is whether Plaintiff plausibly alleged that Bufford and Ingram's conduct as to each cause of action constituted "fraud, malice, libel, slander, defamation *or any criminal offense*." *Id.* (emphasis added). If so, there is no immunity. To make the analysis easier to follow, the Court will re-order the disputed causes of action.

1. Ninth Cause of Action—Assault and Battery

Bufford and Ingram say the assault-and-battery claim should be dismissed because they acted within the course and scope of employment when subduing Mr. Hill, who was combative and noncompliant. Ingram Reply [130] at 7–8; Bufford Reply [138] at 3–4. Relatedly, they contend that the force they used was permissible under the County's use-of-force policy. Ingram Reply [130] at 8; Bufford Reply [138] at 4.

Mississippi law defines the crime of assault as follows:

A person is guilty of simple assault if he or she (i) attempts to cause or purposely, knowingly or recklessly causes bodily injury to another; (ii) negligently causes bodily injury to another with a deadly weapon or other means likely to produce death or serious bodily harm; or (iii) attempts by physical menace to put another in fear of imminent serious bodily harm[.]

Miss. Code Ann. § 97-3-7(a)(1).

Because assault is a crime under Mississippi law, Defendants' conduct would fall outside the course and scope of their employment if proven. *Id.* §§ 11-46-7-(2), 11-46-9(1)(m). Defendants therefore argue that Plaintiff failed to plead a plausible assault-and-battery claim. The following pleaded facts say otherwise:

- Bufford and Ingram "brutally beat, tortured and bound Mr. Hill." SAC [105] ¶ 16.

- Bufford and Ingram "pepper sprayed Mr. Hill." *Id.* ¶ 22.

- Bufford kicked Mr. Hill in the head "six or more times" while Ingram pinned Mr. Hill on the ground. *Id.*

- After being kicked in the head, Mr. Hill was taken to the bathroom where Ingram called him a "MOTHER F#*&^" and said, "DON'T YOU EVER PUT YOUR F#*$&#% HANDS ON ONE OF MY OFFICERS AGAIN," at least suggesting that the alleged beating was retribution. *Id.* ¶ 25.

- While in the bathroom, Defendants "beat[]" Mr. Hill, *id.* ¶ 25, who was then "in handcuffs and restrained," *id.* ¶ 27.

5

- When Mr. Hill was taken back to a cell, Ingram "sat on Mr. Hill's back while [he] laid face down on the prison cell floor." *Id.* ¶ 29.

These actions, specifically the kicking during the first incident and beating during the bathroom incident, support a plausible showing that Bufford and Ingram "purposely, knowingly or recklessly cause[d] bodily injury to another." Miss. Code Ann. § 97-3-7(a)(1)(i); *see Brown v. Wilkinson Cty. Sheriff's Dep't*, No. 5:16-CV-124-KS-MTP, 2017 WL 1479428, at *8 (S.D. Miss. Apr. 24, 2017) ("Both assault and battery constitute 'some form of malice or criminal offense[.]'") (quoting *McBroom v. Payne*, No. 1:06-CV-1222-LG-JMR, 2010 WL 3942010, at *9 (S.D. Miss. Oct. 6, 2010)); *Holloway v. Lamar Cty.*, No. 2:15-CV-86-KS-MTP, 2015 WL 9094531, at *5 (S.D. Miss. Dec. 16, 2015) ("Plaintiff's claims of assault, battery, defamation, malicious prosecution all constitute actions defined as outside the course and scope of governmental employment."); *Lewis v. Marion Cty.*, No. 2:13-CV-76-KS-MTP, 2013 WL 3828522, at *1 (S.D. Miss. July 23, 2013).

Defendants acknowledge that the Court must view these pleaded facts in the light most favorable to Plaintiff, but their arguments never fully embrace that standard. For example, as to the allegation that Defendants "assaulted Mr. Hill in the bathroom after he was in handcuffs and restrained," Ingram argues that this is a mere legal conclusion. Ingram Reply [130] at 3. But that sentence involves both pleaded facts (that Mr. Hill was handcuffed and restrained) and legal conclusions (that he was assaulted). And even if the term "assault" is a conclusion, Ingram failed to address the additional averment that Mr. Hill was "beat[en]" in the bathroom. SAC [105] ¶ 27.

Defendants also attempt to explain why Mr. Hill was beaten. While they will certainly receive an opportunity to prove their theory, the argument exceeds the Rule 12(b)(6) plausibility standard. "[T]he plausibility standard is met when the complaint pleads 'enough fact to raise a

6

reasonable expectation that discovery will reveal evidence' in support of the alleged claims." *Motiva Patents, LLC v. Sony Corp.*, 408 F. Supp. 3d 819, 827 (E.D. Tex. 2019) (quoting *Twombly*, 550 U.S. at 556); *see also Twombly*, 550 U.S. at 559 (explaining that claims should be dismissed at the pleading stage only when there is "no reasonably founded hope that the [discovery] process will reveal relevant evidence" (internal quotation marks and citation omitted)).  Plaintiff met that standard.

Finally, Defendants argue that their actions were justified under the County's use-of-force policy, especially given that Mr. Hill was "combative, resistant and non-compliant." Bufford Reply [18] at 4 (citing SAC [105] ¶ 22); *accord* Ingram Reply [130] at 8.  This too requires some spin, and the Court is not yet convinced that Defendants are properly defining "course and scope" given section 11-46-7(2)'s definition.  Regardless, to the extent they assert that their actions were justified, "when a successful affirmative defense appears on the face of the pleadings, dismissal under Rule 12(b)(6) may be appropriate."  *Allen v. JPMorgan Chase Bank, N.A.*, No. 3:15-CV-816-KS-MTP, 2016 WL 1029334, at *1 (S.D. Miss. Mar. 14, 2016) (quoting *Miller v. BAC Home Loans Servicing, L.P.*, 726 F.3d 717, 726 (5th Cir. 2013)).  But "the complaint itself [must] establish[] the applicability of the . . . defense[.]"  *Fisher v. Halliburton*, 667 F.3d 602, 608–09 (5th Cir. 2012) (citing *Kansa Reinsurance Co. v. Cong. Mortg. Corp. of Tex.*, 20 F.3d 1362, 1366 (5th Cir. 1994)).  Viewed in the light most favorable to Plaintiff, the SAC does not establish that Defendants' actions were justified.  Neither section 11-46-7(2) nor 11-46-9(1)(m) immunizes Defendants from the assault-and-battery claim at the Rule 12(b)(6) stage.[1]

---

[1] Even if the pleaded facts were insufficient, Plaintiff would be entitled to seek leave to amend. "[A] plaintiff's failure to meet the specific pleading requirements should not automatically or inflexibility result in dismissal of the complaint with prejudice to re-filing."  *Hart v. Bayer*

7

### 2. Sixth Cause of Action—Negligence

In the sixth cause of action, Plaintiff alleges that Bufford, Ingram, and others "negligently failed to provide for the safety, security and protection of the Decedent." SAC [105] ¶ 14. Mississippi law generally precludes negligence claims against government employees. *See Lee v. Thompson*, 859 So. 2d 981, 990 (Miss. 2003) ("Lee's claims arising from alleged non-intentional acts of the Coahoma County defendants were barred by Miss. Code Ann. § 11-46-9(1)(m)."); *Wallace v. Town of Raleigh*, 815 So. 2d 1203, 1208 (Miss. 2002) ("This Court has held Miss. Code Ann. § 11-46-9(1)(m) 'effectively cuts off' an inmate's right to bring a negligence action against the State or its employees." (quoting *Sparks v. Kim*, 701 So. 2d 1113, 1114 (Miss. 1997)).

Though not pleaded in the SAC, Plaintiff argues that the negligence cause of action survives dismissal because Bufford and Ingram's conduct was "criminally negligent." Pl.'s Resps. [129, 134] at 15. Specifically, she says they "committed negligent manslaughter" by "assaulting Mr. Hill and denying him medical care." *Id.* But that is not what she pleaded. The sixth cause of action asserts "negligence" and describes acts of alleged negligence. SAC [105] ¶ 14. Mere negligence does not pierce Bufford and Ingram's immunity, so all such claims are dismissed. The alleged conduct that rises above the negligence threshold is asserted in the assault-and-battery cause of action addressed above.

---

*Corp.*, 199 F.3d 239, 248 n.6 (5th Cir. 2000) (citation omitted). "Although a court may dismiss the claim, it should not do so without granting leave to amend, unless the defect is simply incurable or the plaintiff has failed to plead with particularity after being afforded repeated opportunities to do so." *Id.* Any perceived pleading issues here are easily curable. After the SAC, Plaintiff received the autopsy report concluding that the cause of death was "Multiple Blunt Trauma" and the manner of death was "homicide." Autopsy Report [133-2] at 2. Referencing these findings in an amended pleading would push the needle even further to the plausibility side.

        3.       Eighth Cause of Action—Wrongful Death

Plaintiff asserts a claim against Bufford and Ingram for wrongful death. She summarizes that "Defendants' wrongful acts of attacking, handcuffing, battering, pepper spraying and preventing the Decedent from seeking immediate medical attention, and the failure to properly treat the Decedent after being beaten, injured, pepper sprayed and traumatized, caused the wrongful death of Mr. Hill." *Id.* ¶ 68. Bufford does not directly address the wrongful-death claim, but Ingram argues that "the wrongful death claim is only as viable as the" negligence and assault-and-battery claims. Ingram Reply [130] at 7.

"[A] wrongful death suit is a derivative action by the beneficiaries, and those beneficiaries, therefore, stand in the position of their decedent." *Webb v. DeSoto Cty.*, 843 So. 2d 682, 684 (Miss. 2003) (citing *Wickline v. U.S. Fid. & Guar. Co.*, 530 So. 2d 708, 715 (Miss. 1988)). In other words, "wrongful death beneficiaries are entitled to maintain an action and recover damages *as would the decedent if death had not ensued*[.]" *Carter v. Miss. Dep't of Corrs.*, 860 So. 2d 1187, 1191–92 (Miss. 2003) (emphasis added) (citing Miss. Code Ann. § 11-7-13).

Plaintiff has pleaded enough facts to state a plausible assault-and-battery claim. Moreover, the wrongful-death claim expressly incorporates all previously averments. SAC [105] ¶ 67. That includes those quoted above regarding the beating that allegedly caused Mr. Hill's death. Based on these allegations, if Mr. Hill had survived, he would have been able to maintain an assault claim. Thus, Plaintiff has pleaded a plausible wrongful-death claim that would evade MTCA immunity.

B.     Official-Capacity Claims

Bufford also moves to dismiss Plaintiff's federal-law official-capacity claims against him. Bufford Mem. [126] at 1. Specifically, he argues that "[w]hen both an official and the entity are sued officially, normal practice is to dismiss the official in his official capacity because they are duplicative." *Id.* (citing *Breland v. Forrest Cty. Sheriff's Dep't*, No. 2:10-CV-303-KS-MTP, 2013 WL 1623997 (S.D. Miss. Apr. 15, 2013)). Plaintiff contends that "[c]ase law makes clear that a claimant may sue an individually-named Defendant government employee in his individual capacity, official capacity or both." Pl.'s Resp. [132] at 9 (citing *Goodman v. Harris Cty.*, 571 F.3d 388 (5th Cir. 2009); *Turner v. Houma Mun. Fire & Police Civil Serv. Bd.*, 229 F.3d 478 (5th Cir. 2000); *Senu-Oke v. Jackson State Univ.*, 521 F. Supp. 2d 551 (S.D. Miss. 2007)).

Plaintiff's federal-law claims are brought under 42 U.S.C. § 1983. "Claims under § 1983 may be brought against persons in their individual or official capacity, *or* against a governmental entity." *Goodman*, 571 F.3d at 395 (emphasis added) (citing *Bd. of Cty. Comm'rs of Bryan Cty. v. Brown*, 520 U.S. 397, 403 (1997)). The distinction between individual-capacity claims and official-capacity claims is well established:

> Personal-capacity suits seek to impose personal liability upon a government official for actions he takes under color of state law. *See, e.g.*, *Scheuer v. Rhodes*, 416 U.S. 232, 237–238, 94 S. Ct. 1683, 1686–1687, 40 L. Ed. 2d 90 (1974). Official-capacity suits, in contrast, "generally represent only another way of pleading an action against an entity of which an officer is an agent." *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 690, n.55, 98 S. Ct. 2018, 2035, n.55, 56 L. Ed. 2d 611 [(]1978). As long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity. *Brandon* [*v. Holt*, 469 U.S. 464, 471–72, 105 S. Ct. 873, 878, 83 L. Ed. 2d 878 (1985)]. It is *not* a suit against the official personally, for the real party in interest is the entity. Thus, while an award of damages against an official in his personal capacity can be executed only against the official's personal assets, a plaintiff seeking to recover

>on a damages judgment in an official-capacity suit must look to the government
>entity itself.

*Kentucky v. Graham*, 473 U.S. 159, 165–66 (1985).  Accordingly, "in an official-capacity suit the entity's 'policy or custom' must have played a part in the violation of federal law."  *Id.* at 166 (quoting *Monell*, 436 U.S. at 694).

Plaintiff appears to misinterpret Bufford's argument.  Bufford does not dispute that she can bring a claim against him both in his individual and official capacity.  Rather, the issue is whether Plaintiff may sue *both* Bufford in his official capacity *and* Madison County—Bufford's employer—in the same action.[2]  *Id.*  In other words, can Plaintiff essentially name Madison County as a defendant twice in the same suit?

No, she cannot.  "In the Fifth Circuit, claims against public employees in their official capacities are generally dismissed when the public entity employer is already a party."  *Wood v. Katy Indep. Sch. Dist.*, No. H-09-1390, 2010 WL 11417849, at *4 (S.D. Tex. Sept. 27, 2010) (citing *Barnes v. Tyler Indep. Sch. Dist.*, No. 6:04-CV-193, 2005 WL 1399657 (E.D. Tex. June 10, 2005); *Jenkins v. Bd. of Educ. of the Hous. Indep. Sch. Dist.*, 937 F. Supp. 608, 613 (S.D. Tex. 1996)).

Although the Fifth Circuit does not mandate dismissal in this situation, it has approved of the practice.  *See Castro Romero v. Becken*, 256 F.3d 349, 355 (5th Cir. 2001) ("The district court was also correct in dismissing the allegations against all of the municipal officers and two of the employees of the Corps of Engineers in their official capacities, as these allegations duplicate claims against the respective governmental entities themselves.").  And this District has followed suit.  *See Merrill v. Miss. Dep't of Pub. Safety*, No. 3:10-CV-00681-CWR-LRA, 2011 WL 8198562, at *2 (S.D. Miss. Aug. 16, 2011) ("To have sued both the Department and [the

---

[2] Plaintiff alleges that Bufford is "employed by Madison County."  SAC [105] ¶ 5.

11

state official] in his official capacity would have amounted to a redundant pleading."); *Galada v. Gatson-Riley*, No. 1:07-CV-937-LG-JMR, 2010 WL 3120069, at *8 (S.D. Miss. June 24, 2010), *report and recommendation adopted*, No. 1:07-CV-937-LG-JMR, 2010 WL 3120214 (S.D. Miss. Aug. 4, 2010), *aff'd sub nom. Galada v. Payne*, 421 F. App'x 460 (5th Cir. 2011).

Accordingly, Plaintiff's official-capacity claims against Bufford are duplicative of her claim against Madison County because an official-capacity claim is really a claim against the official's employer. Dismissing the official-capacity claim would not prejudice Plaintiff because her claim against Madison County still remains. Thus, Bufford's motion to dismiss Plaintiff's federal-law, official-capacity claims [125] is granted.

IV.     Conclusion

The Court has considered all arguments. Those not addressed would not change the outcome. For the reasons stated, Ingram's motion to dismiss [115] is granted as to Plaintiff's negligence claim and denied as to Plaintiff's assault-and-battery and wrongful-death claims; Bufford's motion to dismiss Plaintiff's individual-capacity claims [123] is granted as to Plaintiff's negligence claim and denied as to Plaintiff's assault-and-battery and wrongful-death claims; and Bufford's motion to dismiss Plaintiff's § 1983 official-capacity claims [125] is granted.

**SO ORDERED AND ADJUDGED** this the 2nd day of September, 2020.

s/ *Daniel P. Jordan III*
CHIEF UNITED STATES DISTRICT JUDGE